| | |
|---|---|
| Case No. CV 17-3848-MWF (JPRx) | Date: October 2, 2017 |
| Title: United African-Asian Abilities Club, et al. v. Park View Investors, LP, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION

On May 23, 2017, Plaintiff filed a Complaint against Defendant Park View Investors LP and Doe Defendants. (Docket No. 1). As of August 18, 2017, Plaintiff had not filed proof that it had served any of the Defendants. On that day, the Court issued an Order directing Plaintiff to show cause, in writing, by August 25, 2017, why the action should not be dismissed for lack of prosecution. (Docket No. 9) (the "OSC"). The Court indicated that an appropriate response would consist of: a) proof of service upon Defendants; b) answers by Defendants; or c) an application for default pursuant to Federal Rule of Civil Procedure 55(a). (*Id.*). The Court warned that failure to timely respond would result in dismissal of the action. (*Id.*).

On August 28, 2017, Plaintiff filed a Response to the OSC, requesting additional time to effectuate service. (Docket No. 10). The following day, the Court issued an Order extending the proof-of-service deadline to September 28, 2017, and warning Plaintiff that failure to file proof of service by that date would result in dismissal of the action. (the "Service Order") (Docket No. 12). Plaintiff has yet to file proof of service.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-3848-MWF (JPRx)                              Date:  October 2, 2017

Title:       United African-Asian Abilities Club, et al. v. Park View Investors, LP, et al.

calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution and failure to comply with the Court's Service Order is warranted.  Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.